John Matyuf, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 4, 1977, before Judges WILKIN-
SON, JR. and ROGERS, sitting as a panel of two.

*Daniel E. Long, Jr.,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General,
with him *Sydney Reuben,* Assistant Attorney General,
and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 7, 1977:

John Matyuf has appealed from a decision of
the Unemployment Compensation Board of Review
(Board) which affirmed a referee's denial of benefits
on the ground that Matyuf was not able to do and
available for suitable work as required by Section 401
(d) of the Unemployment Compensation Law, Act of
December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §801(d).

Matyuf was employed as a craneman by McGraw
Edison of Canonsburg, Pennsylvania from March
1967 until July 29, 1975. On June 23, 1975, he suf-
fered a knee injury in an industrial accident which in-
capacitated him from working. He received workmen's
compensation benefits beginning on July 30, 1975. By

letter dated November 14, 1975, Dr. Schmieler, the company doctor, recommended to Mr. Trimmer, an agent for McGraw Edison's insurance carrier, that Matyuf should not be permitted to return to his usual job which entailed climbing ladders and working at great heights. Dr. Schmieler did state that Matyuf could do other kinds of work which did not involve ladder climbing or bending. Matyuf testified that he had spoken with Mr. Trimmer and with Mr. Vince Maltesta, a representative of McGraw Edison, on several occasions and had informed them that he was able to perform and would like to be assigned to a job involving light work. Matyuf was not given other work at McGraw Edison and he applied for unemployment compensation benefits on January 11, 1976.

Matyuf first challenges the following finding of the referee affirmed by the Board:

8. The claimant is still receiving workmen's compensation and the medical certification submitted to the Bureau dated November 14, 1975, completely limits claimant's physical ability to work—excerpt from statement as follows: 'He would be permitted to participate fully in bench work or any other work not requiring ladder climbing or bending, stooping or *working*.' (Emphasis supplied by referee.)

The statement referred to is Dr. Schmieler's report. Matyuf says that the word working emphasized by the referee is an obvious typographical or a clerical error and that the referee should not have employed this mistake as support for his conclusion that Matyuf was unable to do any work. We agree. The doctor certainly did not intend to say that Matyuf could do bench work or any other work provided it did not require working.

Matyuf also effectively challenges the referee's finding that:

7. The claimant at no time since July 30, 1975, ever informed the employer that he was able to perform any other work. . . .

Matyuf's testimony that he had asked Mr. Maltesta, a company representative, for light work is unrebutted. The employer's defense was not that Matyuf did not ask for light work, but that he asked the wrong company representative. The referee's finding does not address the factual issue raised at the hearing.

We therefore enter the following:

ORDER

AND Now, this 7th day of December, 1977, the appeal of John Matyuf from the decision of the Unemployment Compensation Board of Review, dated October 12, 1976, is hereby sustained and the record is remanded to the Board for additional findings consistent with this opinion or, in the Board's discretion, for another hearing and new findings and decision.